# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 11-442V
**Filed: December 9, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| TABITHA PRICE, as Mother and Natural | * | |
| Guardian of D.P., | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Joint Stipulation on Attorneys' |
| v. | * | Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * | | |

Clifford J. Shoemaker, Shoemaker and Associates, Vienna, VA, for petitioner.
Robert P. Coleman, III, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 7, 2011, Tabitha Price ("petitioner") filed a petition on behalf of her minor child, D.P., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving Diphtheria-Tetanus-acellular Pertussis ("DTaP"), Measles-Mumps-Rubella ("MMR"), and Pneumococcal Conjugate ("PCV") vaccines on August 4, 2008, D.P. suffered a seizure disorder and developmental delay. See Petition, filed July 7, 2011. On October 29, 2015, the undersigned issued a ruling on entitlement, finding that

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

petitioner was entitled to compensation from the Program.

On November 23, 2015, petitioner filed a motion for interim attorneys' fees and costs. Thereafter, on December 4, 2015, the parties filed a stipulation concerning interim attorneys' fees and costs. Petitioner requests a total award of interim attorneys' fees and costs in the amount of $142,414.13. Stip. for Fees and Costs ¶ 3(a). While maintaining her position that the Vaccine Act does not authorize awards of interim attorneys' fees and costs, respondent does not object to petitioner's request here. Id. at ¶ 4. In accordance with General Order #9, petitioner represents that she incurred reimbursable costs in pursuit of this claim in the amount of $2,585.87. Id. at ¶ 3(b).

The Vaccine Act permits an award of reasonable interim attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of interim attorneys' fees and costs.

Accordingly, an award should be made as follows:

**(1) in the form of a check jointly payable to petitioner and to petitioner's attorney, Clifford J. Shoemaker, of Shoemaker and Associates, in the amount of $142,414.13; and**

**(2) in the form of a check payable to petitioner only in the amount of $2,585.87.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.